(56 Misc. Rep. 62)

### ROBERTS v. HUNTINGTON R. CO.

(Supreme Court, Special Term, Kings County.  July, 1907.)

1. STREET RAILROADS—DETERMINATION AS TO NECESSITY AND LOCATION—EXTENSION OF ROAD.

   That the original line of a street railway company was but about 3 miles long, while a proposed additional line is about 15 miles long, is insufficient of itself to constitute such addition a "new road," and not an "extension," within Railroad Law, Laws 1890, p. 1108, c. 565, § 90, permitting a street surface railway company to "extend" its lines without obtaining a certificate of the board of railroad commissioners that public convenience and necessity require the same.

2. INJUNCTION—PRELIMINARY INJUNCTION—GROUNDS FOR RELIEF.

   Where it is not clear that a street railway corporation is without legal right to build its road, or that its building will work irreparable injury to an adjoining owner, a motion to continue a temporary injunction pending trial will be denied.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 358.]

Action by Kathleen F. Roberts against the Huntington Railroad Company.  Motion to continue temporary injunction pending trial of action.  Motion denied.

Arthur C. Hume, for the motion.

Joseph F. Keany, opposed.

SCUDDER, J.   Plaintiff is the owner of premises abutting on a highway along which the defendant street railway corporation is about to construct its road.   Plaintiff seeks to enjoin defendant from the construction of its railway along said highway on the ground that it was not authorized by law to do so.   Defendant was incorporated in May, 1890.   According to its certificate of incorporation, its road was to be constructed in the town and village of Huntington, and the length of the road was about 3 miles.   On June 10, 1907, the trustees of the village of Amityville granted a consent or franchise to defendant to construct a railroad on certain streets in that village.   This franchise was accepted by defendant on June 18, 1907.   On June 28, 1907, defendant filed a statement of the extension of its route to and in the village of Amityville with the Secretary of State.   The length of the proposed extension is stated to be 15.53 miles.

.It is not disputed that the defendant was a street railway corporation, which was authorized to extend its road or to construct branches, under section 90 of the railroad law (Laws 1890, p. 1108, c. 565), by the filing of a statement as therein prescribed, and that it was not required to apply to the railroad commissioners for any preliminary certificate.   From the affidavits presented it appears to be established by the preponderance of proof that defendant has obtained the requisite consents of property owners along the extended route.   It is far from clear that the consent of the village of Amityville is invalid, because it was granted to the defendant before it had filed the statement of its extended route under section 90 of the railroad law.   Under its original certificate of incorporation defendant had capacity to extend its line under section 90 of the railroad law.   Before the exercise of such right, however, certain prerequisites must be complied with, viz., the filing of the statement under the railroad law, and the obtaining of the consents of the local authorities and of the property owners, respectively.   The order in which these prerequisites are to be performed would seem to be immaterial.   The essential purpose of the statute would seem to be accomplished if all of such prerequisites had been complied with before the actual building of the proposed extension.

The main contention of the plaintiff is that, because defendant's original road is about 3 miles long and its proposed extension is about 15 miles in length, defendant is attempting to build a new road without applying to the board of railroad commissioners, upon the pretense that such new road is an extension.   In New York Central & H. R. R. Co. v. Buffalo & W. Elev. R. Co., 96 App. Div. 471, 475, 89 N. Y. Supp. 418, the court says:

"The privilege accorded to a street surface railroad corporation by section 90 of the railroad law to extend or to construct branches thereof without application to the board of railroad commissioners must be reasonably construed, having in view the general policy of the state, which submits to that body the determination of the convenience and necessity of a new road.   If the branch proposed to be added to the main trunk will in effect be the corpus itself, if the contemplated extension really will compose the main body, then it will be a parody on the statute to permit the branch or extension to be added without the permission of the railroad commissioners."

The court there holds that it was an evasion of the railroad law to attempt to build a road 70 miles long as a branch to an original road only 5 miles long. In reaching this decision, however, the court also refers to other circumstances than the mere disparity between the length of the original road and that of the extension, and carefully states that:

"No exact rule, like the rate of interest, may be laid down applicable to every case. The proposed improvement in one instance may be clearly construed an extension, and in another it may be equally clear that the extension is intended in effect to be a new road."

Section 90 of the railroad law itself does not place any limit on the length of the extension, and it is not the province of the court, under the guise of construing the statute, to interpolate into the statute a limitation which the Legislature itself did not see fit to make. The court, in its guarded opinion in the above case, expressly refrains from doing so, and only holds that, where the circumstances are such that it is absolutely clear and manifest that the policy of the Legislature is violated, an attempted extension under section 90 will be regarded as invalid—to use its own language, where there is a "palpable attempt to build a new route upon the pretense that it is an extension." The mere fact that the proposed extension is considerably longer than the original route is insufficient to support the conclusion that the addition is a new road, and not an extension, within the meaning of the railroad law.

Plaintiff states in her complaint that she is the owner to the center of the highway along which the defendant is about to build its road. It is not alleged, however, that defendant is about to build its road along the side of the street on which plaintiff's premises are situated. It is not apparent that plaintiff's access to her premises will be materially interfered with by the building of the road, or that she will be specifically damaged thereby. Injunctive relief should not be granted, unless in protection of clear and undoubted right; nor should it be granted unless the apprehended injury is substantial and irreparable. It is not clear that defendant is without legal right to build its road, or that its building would work irreparable injury to plaintiff.

Motion to continue injunction denied, with $10 costs, and temporary injunction vacated.